IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BURTIS CARROL WARREN | § | |
| v. | § | CIVIL ACTION NO. 6:09-CV-417 |
| MICHAEL, J, ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Appeals Council be affirmed and the complaint be dismissed. Plaintiff filed written objections to the Report and Recommendation on July 21, 2011.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. Plaintiff contends in his objections that the Commissioner's findings that the Plaintiff retains the ability to perform other work existing in significant numbers in the national economy is unsupported by substantial evidence and is the result of legal error. Objections at 1, 4. Plaintiff bases this objection on a two-fold argument that (1) the Commissioner incorrectly applied grid rule 202.10 rather than 201.09; and (2) the Commissioner's finding failed to take into account testimony of the vocational expert ("VE") of job base erosion if a claimant had a regimen of medications requiring him to leave the work station more than once a day to take them, or if the claimant was limited in his ability to work with or around others. Objections at 6, 9, 10. However, neither of these objections has merit.

In his first objection, Plaintiff maintains that his exertional capacity is significantly reduced because he is limited to standing or walking for only four hours in an eight-hour workday, whereas a full range of light work requires standing or walking for six hours in an eight-hour work day. Objections at 6-7. Therefore, Plaintiff argues, the Commissioner incorrectly applied grid rule 202.10 rather than 201.09, which would have resulted in a finding of "disabled." *Id.* However, this argument gives short shrift to the ALJ's use of a testifying vocational expert after he determined the Plaintiff's residual functional capacity ("RFC") fell between the analytical structure of the two grid rules, as outlined in Social Security Ruling ("SSR") 83-12, 1983 WL 31253 (S.S.A.) (1983).

SSR 83-12 recognizes that "[i]n some instances, an individual can do a little more or less than the exertion specified for a particular range of work." SSR 83-12, 1983 WL 31253, at *1 (noting by example, "the person is considered to be physically capable of meeting the exertional demands of light work except that he or she can lift no more than 15 pounds at a time rather than 20 pounds, or he or she can fully meet the exertional demands of light work and can also perform part of the greater lifting requirement of medium work."); *see also Wilcox v. Astrue*, 2008 WL 7628109, at *4 (S.D. Tex. May 27, 2008). The Ruling further notes that "[w]here an individual's exertional RFC does not coincide with the definition of any one of the ranges of work as defined in sections 404.1567 and 416.967 of the regulations, the occupational base is affected and may or may not represent a significant number of jobs in terms of rules directing a conclusion as to disability." *Id*. at *2. In that regard, when "the exertional level falls between two rules which direct opposite conclusions, i.e., 'Not disabled' at the higher exertional level and 'Disabled' at the lower exertional level," the ruling provides that the ALJ consider the following:

> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
>
> b. On the other hand, if the exertional capacity is significantly reduced in terms of the

regulatory definition, it *could* indicate little more than the occupational base for the lower rule and *could* justify a finding of "Disabled."

c. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS[1] assistance is advisable for these types of cases.

*Id*. at * 2-3 (emphasis added), Adjudicative Guidance.

Despite Plaintiff's contention that his exertional capacity is "significantly reduced" under item b. above, SSR 83-12 simply provides that a significant reduction in a claimant's exertional capacity *could* justify a finding of "disabled." *See* SSR 83–12, 1983 WL 31253, at * 2. That language appears to mean that such a finding is discretionary but not mandatory; SSR 83-12 also explicitly states that "VS assistance is advisable" when this type of situation arises. *Id*. at *3. Courts that have considered SSR 83-12 in this light have ruled that an ALJ could properly find a claimant capable of performing a limited range of work in a given exertional category and elicit VE testimony to determine whether there are jobs that claimant can still perform. *See Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83-12 directs that when a claimant falls between two grids, consultation with a VE is appropriate"); *Martin v. Barnhart*, 240 Fed. Appx. 941, 946 (3d Cir. 2007) ("SSR 83-12 does not automatically dictate a finding of disability where an individual is limited by a sit/stand option. Rather, SSR 83-12 indicates that a VE should be consulted, and here, one was."); *Gravel v. Barnhart*, 360 F. Supp. 2d 442, 448 (N.D.N.Y. 2005) ("SSR 83-12 does not mandate a finding of 'disabled.' It does not require the ALJ to determine whether a claimant's occupational base is more closely related to light or sedentary work capacity. Similarly, the Ruling cannot be

---

[1] "[T]he term vocational specialist (VS) describes all vocational resource personnel." *Id*. at *2.

interpreted to suggest that a finding of inability to do the full range of light work requires a conclusion that a person is capable only of sedentary work. Instead, it states that a significantly reduced exertional capacity '*could* indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."' SSR 83-12 (emphases added). As such, this Ruling merely provides guidance to the ALJ on how to proceed." (other internal citations, quotations and footnote omitted)); *Frazier v. Astrue*, 2011 WL 2144619, at *4 (S.D. Ga. May 31, 2011).

Despite numerous cases such as those cited directly above, it does not appear that the United States Court of Appeals for the Fifth Circuit has directly addressed this point. At least one other district court in the Fifth Circuit has, however. In *Wilcox*, 2008 WL 7628109, at *3-5, the Southern District was faced with a factual situation very similar to this case. The ALJ in *Wilcox* had found that the plaintiff's RFC included "an ability to walk 4 hours out of an 8-hour workday," requiring an evaluation between two grid rules, one of which would have permitted a finding of "not disabled" and the other "disabled." *Id*. at *3. That is the same situation in the instant case. The *Wilcox* court analyzed SSR 83-12, *id*. at *4-5, and noted that while the Fifth Circuit has not ruled on this particular situation, *id*. at *5 n.7, other courts have found that an ALJ is entitled to rely on a vocational expert's identification of sample occupations when determining whether a significant number of jobs remain available to the claimant. *Id*. at *5, citing *Boone v. Barnhart*, 353 F.3d 203, 205, 209-10 (3d Cir. 2003); *Casey v. Barnhart*, 76 Fed. Appx. 908, 911 (10th Cir. 2003) (unpublished); *Thomas v. Barnhart*, 278 F.3d 947, 960-61 (9th Cir. 2002). However, the *Wilcox* court noted, in all of those cases there was evidence in the record supporting the actual number of jobs available, in the form of vocational expert testimony. Given that the VE in the *Wilcox* case did not testify as to the number of jobs available, *Wilcox*, 2008 WL 7628109, at *5 & n.6, that court elected to remand for such a determination. *Id*. at *5.

Here, the ALJ did obtain a VE's testimony as to the availability of jobs and preserved that testimony in the record. Specifically, the VE testified that Plaintiff could perform a job as a bench assembler (DOT #732.684-062) or as a dowel inspector (DOT # 669.681-041). Transcript ("Tr.") at 360. She further testified that approximately 3,700 bench assembly jobs existed in Texas, and 58,500 in the U.S.; and that 1,100 dowel inspection jobs existed in Texas, and 13,000 jobs nationwide. *Id.*[2] Thus, the *Wilcox* court's concern for an evidentiary finding is not present here and the ALJ did not err in relying on the VE's testimony. Plaintiff's first objection is without merit.

In his second argument, Plaintiff contends that the Commissioner failed to take into account the VE's testimony of job base erosion if (1) a regimen of medications would require him to leave the work station more than once a day to take the medication; or (2) he was limited in his ability to work with or around others. However, these arguments were not raised in Plaintiff's Brief, but were instead first argued in his objections to the Magistrate Judge's Report and Recommendation. Therefore, these issues were not properly raised before this Court and will not be considered. *See Rodriguez v. Apfel*, 139 F.3d 898, 1998 WL 127813, at *4 (5th Cir. 1998) ("The general rule is that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court, and therefore cannot be raised on appeal."); *Cupit v. Whitley,* 28 F.3d 532,

---

[2] These numbers of jobs have been considered "significant." *See e.g., Dominguez v. Astrue*, 286 Fed. Appx. 182, 188 (5th Cir. 2008) (per curiam) (8,000 or more jobs in Texas and 270,000 or more in the nation are a "significant number of jobs"); *Perez v. Barnhart*, 415 F.3d 457, 460 (5th Cir. 2005) (2,500 jobs in the state and 25,000 jobs nationally are a "significant number of jobs"); *Anderson v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 32, 35 (6th Cir. 2010) (fewer than 1,000 regional jobs can be a significant number); *Hall v. Bowen,* 837 F.2d 272, 273, 275–76 (6th Cir.1988) (1,350 jobs is a significant number of jobs in local area and national economy); *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 regional jobs is a significant number); *Jenkins v. Bowen,* 861 F.2d 1083, 1087 (8th Cir.1988) (as few as 500 jobs were a significant number); *Barker v. Secc'y of Health & Human Servs.*, 882 F.2d 1474, 1479 (9th Cir. 1989) (1,266 positions are a significant number of jobs); *Trimiar v. Sullivan,* 966 F.2d 1326, 1330-32 (10th Cir.1992) (850-1,000 potential jobs were a significant number of jobs).

535 n.5 (5th Cir. 1994) (in enacting the federal Magistrate Judge Act, 28 U.S.C. § 631, *et seq.*, "Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge - 'absent compelling reasons'"), *cert. denied,* 513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995); *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir. 1992); *Harrison v. Smith,* 83 Fed. Appx. 630, 631 (5th Cir. 2003) (per curiam) ("[t]he district court did not err in refusing to allow [plaintiff] to use his objections to the magistrate judge's report and recommendation to further amend his amended complaint.").

Therefore, Plaintiff's objections will be overruled. There is substantial evidence in the record supporting the Commissioner's decision. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Appeals Council is **AFFIRMED** and the complaint is hereby **DISMISSED** with **PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 5th day of August, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**